```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


UNITED STATES OF AMERICA     .    4:17-CR-0411

VERSUS                       .    HOUSTON, TEXAS

GEORGE YARBROUGH             .    SEPTEMBER 8, 2017

. . . . . . . . . . . . . .       10:15 A.M.



                    TRANSCRIPT OF REARRAIGNMENT
                BEFORE THE HONORABLE MELINDA HARMON
                    UNITED STATES DISTRICT JUDGE
```

*****

This transcript has been furnished at public expense under the Criminal Justice Act and may be used only as authorized by court order.

Unauthorized reproduction will result in an assessment against counsel for the cost of an original and one copy at the official rate.

General Order 94-15, United States District Court, Southern District of Texas.

*****

Mayra Malone, CSR, RMR, CRR

***APPEARANCES***

FOR THE GOVERNMENT:

    Jennie Basile
    Assistant United States Attorney
    1000 Louisiana
    Suite 2300
    Houston, Texas  77002

FOR THE DEFENDANT:

    Darryl Austin
    Assistant Federal Public Defender
    440 Louisiana
    Suite 1350
    Houston, Texas  77002

OFFICIAL COURT REPORTER:

    Mayra Malone, CSR, RMR, CRR
    U.S. Courthouse
    515 Rusk, Room 8004
    Houston, Texas  77002


Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

- - - - -

Mayra Malone, CSR, RMR, CRR

| | | |
|---|---|---|
| | 1 | *PROCEEDINGS* |
| | 2 | THE COURT: The next case is H-17-411, United States |
| | 3 | versus George Yarbrough. |
| | 4 | MS. BASILE: Good morning, Your Honor. Jennie Basile |
| 10:15 | 5 | for the United States, Your Honor. |
| | 6 | THE COURT: Good morning. |
| | 7 | MR. AUSTIN: Good morning, Your Honor. Darryl Austin |
| | 8 | on behalf of George Yarbrough. |
| | 9 | THE COURT: You are Mr. Yarbrough? |
| 10:15 | 10 | THE DEFENDANT: Yes. |
| | 11 | THE COURT: It is my understanding that you would like |
| | 12 | to plead guilty. Is that correct? |
| | 13 | THE DEFENDANT: Yes. |
| | 14 | THE COURT: Ms. Hawkins, would you swear him in, |
| 10:16 | 15 | please? |
| | 16 | *(Defendant sworn)* |
| | 17 | THE COURT: Mr. Yarbrough, do you understand you are |
| | 18 | now under oath and that if you answer any of my questions |
| | 19 | falsely, your answers may later be used against you in another |
| 10:16 | 20 | prosecution for perjury or making a false statement? |
| | 21 | THE DEFENDANT: Yes, ma'am. |
| | 22 | THE COURT: What is your full name, please? |
| | 23 | THE DEFENDANT: George Samuel Yarbrough. |
| | 24 | THE COURT: How old are you? |
| 10:16 | 25 | THE DEFENDANT: Forty-six. |

| | | |
|---|---|---|
| 10:16 | 1 | THE COURT: What is your educational background? |
| | 2 | THE DEFENDANT: I got my GED in prison. |
| | 3 | THE COURT: Okay. Have you been treated recently for |
| | 4 | any mental illness or addiction to narcotic drugs of any kind? |
| 10:16 | 5 | THE DEFENDANT: No, ma'am. |
| | 6 | THE COURT: Are you currently under the influence of |
| | 7 | any drug or medication or alcoholic beverage of any kind? |
| | 8 | THE DEFENDANT: No, ma'am. |
| | 9 | THE COURT: Have you received a copy of the indictment |
| 10:16 | 10 | pending against you, that is the written charges that were |
| | 11 | brought against you in this case? |
| | 12 | THE DEFENDANT: Yes, ma'am. |
| | 13 | THE COURT: And have you discussed the written charges |
| | 14 | and the case in general with Mr. Austin, your attorney? |
| 10:17 | 15 | THE DEFENDANT: Yes, ma'am. |
| | 16 | THE COURT: Are you fully satisfied with the counsel, |
| | 17 | representation and advice given to you in this case by |
| | 18 | Mr. Austin as your attorney? |
| | 19 | THE DEFENDANT: Yes, ma'am. |
| 10:17 | 20 | THE COURT: Is there a plea agreement? |
| | 21 | MS. BASILE: No, Your Honor. |
| | 22 | THE COURT: Mr. Yarbrough, has anyone made any |
| | 23 | promises or assurances to you of any kind in an effort to |
| | 24 | persuade you to plead guilty in this case? |
| 10:17 | 25 | THE DEFENDANT: No, ma'am. |

Mayra Malone, CSR, RMR, CRR

10:17     1          THE COURT: Has anyone in any way attempted to force
          2  you to plead guilty in this case?
          3          THE DEFENDANT: No, ma'am.
          4          THE COURT: Are you pleading guilty because you are
10:17     5  guilty?
          6          THE DEFENDANT: Yes, ma'am.
          7          THE COURT: Do you understand that the offense to
          8  which you are pleading guilty is a felony offense?
          9          THE DEFENDANT: Yes, ma'am.
10:17    10          THE COURT: And that if your plea is accepted, you
         11  will be adjudged guilty of that offense?
         12          THE DEFENDANT: Yes, ma'am.
         13          THE COURT: And such adjudication may deprive you of
         14  valuable civil rights, such as the right to vote, the right to
10:17    15  hold public office, the right to serve on a jury and the right
         16  to possess firearms?
         17          THE DEFENDANT: Yes, ma'am.
         18          THE COURT: Are you a U.S. citizen?
         19          THE DEFENDANT: Yes, ma'am.
10:18    20          THE COURT: I want to go over with you now the maximum
         21  possible statutory penalties you are facing as a result of your
         22  plea of guilty this morning. You are pleading guilty to Count
         23  One of an indictment that charges you with mailing threatening
         24  communications to a United States judge, in violation
10:18    25  of 18 United States Code, Section 876(c).

                              Mayra Malone, CSR, RMR, CRR

10:18  1    The penalty for that crime is imprisonment for up
       2 to a maximum of ten years and a fine not to exceed $250,000.
       3 Along with that, there would be supervised release of up to
       4 three years. And along with that supervised release, there
10:18  5 will be certain conditions of supervised release that you would
       6 be obliged to follow. If you failed to follow those, you could
       7 be put back in prison for some additional period of time
       8 without any credit for the time you have been in prison,
       9 without any credit for the time you have been on supervised
10:19 10 release, and there would be a $100 special assessment for the
      11 one count that you are pleading guilty to this morning.
      12    Do you understand all of those taken together,
      13 the prison time, the fine, the supervised release, the
      14 conditions of supervised release and the special assessment,
10:19 15 those are the maximum possible penalties you are facing as a
      16 result of your plea of guilty this morning?
      17    THE DEFENDANT: Yes, ma'am.
      18    THE COURT: Under the Sentencing Reform Act of 1984,
      19 the United States Sentencing Commission has issued guidelines
10:19 20 for judges to follow to determine what the sentence will be in
      21 a criminal case.
      22    Have you and Mr. Austin talked about how the
      23 guidelines may apply in your case?
      24    THE DEFENDANT: Yes, ma'am.
10:19 25    THE COURT: Do you understand that today I will not be

```
10:19    1   able to tell you what your sentence is?
         2               THE DEFENDANT:  Yes, ma'am.
         3               THE COURT:  And that is because even though the
         4   guidelines are no longer mandatory but are advisory, I am still
10:19    5   required to consult the guidelines when I determine what a
         6   sentence should be in a criminal case.  Do you understand that?
         7               THE DEFENDANT:  Yes, ma'am.
         8               THE COURT:  And in order for me to consult the
         9   guidelines, I must ask a probation officer to investigate your
10:20   10   case and to write a presentence report that will assist me in
        11   sentencing.  Do you understand that?
        12               THE DEFENDANT:  Yes, ma'am.
        13               THE COURT:  Once that report has been completed, you
        14   and Mr. Austin will receive a copy.  Ms. Basile, the
10:20   15   government's attorney, will receive a copy.  And each of you
        16   will be given an opportunity to make any objections that you
        17   may have to the presentence report.  Do you understand that?
        18               THE DEFENDANT:  Yes, ma'am.
        19               THE COURT:  Then we will have a sentencing hearing.
10:20   20   At the sentencing hearing, I will rule on any objections that
        21   may be made to the presentence report.  I will rule on any
        22   motions that may be made, any recommendations that may be made
        23   or any other matters that might be brought to my attention that
        24   might have an impact on the sentence you receive.  Do you
10:20   25   understand that?
```

10:20  1    THE DEFENDANT:  Yes, ma'am.
       2    THE COURT:  At the conclusion of the sentencing
       3    hearing, I will pronounce sentence.  It could be that the
       4    sentence I give you is more severe than the one you were
10:21  5    expecting when you -- after you and Mr. Austin discussed how
       6    the guidelines might apply in your case.  Do you understand
       7    that?
       8    THE DEFENDANT:  Yes, ma'am.
       9    THE COURT:  If this sentence is more severe than the
10:21  10   one you are expecting, do you understand that you will not be
       11   given an opportunity to withdraw your plea of guilty?
       12   THE DEFENDANT:  Yes, ma'am.
       13   THE COURT:  Do you also understand that after your
       14   guideline range has been determined, the Court would have the
10:21  15   authority to depart from the guidelines and to impose a
       16   sentence that is either more severe or less severe than the
       17   sentence called for by the guidelines?
       18   THE DEFENDANT:  Yes, ma'am.
       19   THE COURT:  And do you understand that in the federal
10:21  20   system, parole has been abolished and that you will not be --
       21   if you are sentenced to prison, you will not be released on
       22   parole?
       23   THE DEFENDANT:  Yes, ma'am.
       24   THE COURT:  Do you also understand that under some
10:21  25   circumstances, you or the government would have the right to

Mayra Malone, CSR, RMR, CRR

10:21  1  appeal any sentence that I impose?
       2           THE DEFENDANT: Yes, ma'am.
       3           THE COURT: Do you understand that you have the right
       4  to plead not guilty to any offense charged against you?
10:22  5           THE DEFENDANT: Yes, ma'am.
       6           THE COURT: And do you understand that if you
       7  persisted in a plea of not guilty, you would have the right to
       8  a trial by jury or by judge?
       9           THE DEFENDANT: Yes, ma'am.
10:22 10           THE COURT: And at that trial, you would have the
      11  right to the assistance of counsel in your defense. You would
      12  have the right to see and hear all the witnesses and have them
      13  cross-examined in your defense. You would have the right on
      14  your own part to decline to testify unless you voluntarily
10:22 15  elected to do so in your own defense, and you would have the
      16  right to the issuance of subpoenas, compulsory process, to
      17  compel the attendance of witnesses to testify in your defense.
      18  Do you understand that?
      19           THE DEFENDANT: Yes, ma'am.
10:22 20           THE COURT: And do you further understand that at the
      21  trial, the jury would be told that they must presume you not
      22  guilty of any crime charged against you until such time, if
      23  ever, the government brought evidence to them that convinced
      24  them, the jury, beyond a reasonable doubt that you were guilty?
10:23 25  Do you understand that?

                              Mayra Malone, CSR, RMR, CRR

10:23   1    THE DEFENDANT: Yes, ma'am.
         2    THE COURT: And do you also understand that the jury
         3  would be told that you had a right not to testify or put on any
         4  evidence and they would be told that if you decided not to
10:23   5  testify or put on any evidence, they could not hold that
         6  against you as some indication or evidence that you were
         7  guilty? Do you understand that?
         8    THE DEFENDANT: Yes, ma'am.
         9    THE COURT: And do you further understand that the
10:23  10  jury would be told that they could not expect you to testify,
        11  they could not expect you to put on any evidence, they could
        12  not expect you to explain yourself or prove your own innocence?
        13    THE DEFENDANT: Yes, ma'am.
        14    THE COURT: Do you further understand that by entering
10:23  15  a plea of guilty, if that plea is accepted by the Court, there
        16  will be no trial and you will have waived or given up your
        17  right to a trial as well as all the other rights associated
        18  with a trial that I have just outlined for you?
        19    THE DEFENDANT: Yes, ma'am.
10:24  20    THE COURT: Mr. Austin, do you waive the reading of
        21  the indictment?
        22    MR. AUSTIN: Yes, Your Honor.
        23    THE COURT: I want to go over with you now the
        24  essential elements of the crime you are pleading guilty to. By
10:24  25  essential elements, I mean what it is the government would have

Mayra Malone, CSR, RMR, CRR

10:24    1  to prove to a jury beyond a reasonable doubt before the jury
         2  could find you guilty.  Do you understand that?
         3           THE DEFENDANT:  Yes, ma'am.
         4           THE COURT:  The essential elements of Count One,
10:24    5  mailing threatening communications to a United States judge,
         6  are as follows:  First, that you knowingly caused to be
         7  delivered in the mail for delivery by the postal service a
         8  communication containing a threat as charged.  Second, that the
         9  nature of the threat was to injure any person.  And, third,
10:25   10  that the communication was addressed to a United States judge.
        11           Do you understand that those are the essential
        12  elements of the crime to which you are pleading guilty this
        13  morning?
        14           THE DEFENDANT:  Yes, ma'am.
10:25   15           THE COURT:  Ms. Basile, could you tell us what it is
        16  the government is prepared to prove if we went to trial?
        17           MS. BASILE:  Yes, Your Honor.  If this case were to
        18  proceed to trial, the government would be prepared to prove the
        19  following:  George Yarbrough, a TDCJ inmate currently serving a
10:25   20  state sentence, wrote a letter threatening to kill U.S.
        21  District Judge David Hittner.  It was received by the U.S.
        22  District Clerk's Office in Houston on April 19th, 2017.
        23  Yarbrough's letter states in part, quote:  So the state of
        24  Texas and the federal government are to blame for me killing
10:25   25  you and your family, end quote.

                              Mayra Malone, CSR, RMR, CRR

| | | |
|---|---|---|
| 10:25 | 1 | The letter also states, quote:  Every day I look |
| | 2 | at your photo that I got off the Internet and I think of many |
| | 3 | ways to kill you and your family. |
| | 4 | Yarbrough previously wrote a similar letter in |
| 10:26 | 5 | 2014 and was prosecuted for the same crime in the Southern |
| | 6 | District of Texas and sentenced by United States District Court |
| | 7 | Judge Nancy Atlas to serve a 21-month sentence.  He has still |
| | 8 | not started serving that sentence as he was finishing the state |
| | 9 | sentence.  The basis for selecting Judge Hittner seems to be |
| 10:26 | 10 | because several years earlier Judge Hittner dismissed a civil |
| | 11 | rights lawsuit that Yarbrough filed against TDCJ personnel. |
| | 12 | FBI agents conducted a recorded interview of |
| | 13 | George Yarbrough on June 28, 2017 where Yarbrough is |
| | 14 | imprisoned.  Yarbrough admitted to writing the current letter |
| 10:26 | 15 | for which he is indicted and expressed his concern that he is |
| | 16 | not being taken seriously as the sentence Judge Atlas gave him |
| | 17 | was so short and referred to it as a, quote, slap on the wrist, |
| | 18 | end quote. |
| | 19 | During the interview, he again threatened Judge |
| 10:26 | 20 | Hittner and also threatened to harm Senator Whitmire and the |
| | 21 | two prison guards he attempted to get civil relief from |
| | 22 | originally with Judge Hittner. |
| | 23 | When Yarbrough was interviewed in 2014, he said |
| | 24 | that he was going to murder Judge Hittner when he is released |
| 10:27 | 25 | from TDCJ and blamed Judge Hittner for all of his problems. |

Mayra Malone, CSR, RMR, CRR

10:27 1 Yarbrough also said he is going to murder a judge
2 in San Antonio who took his daughter away. Yarbrough stated
3 that he had people on the outside that would murder Judge
4 Hittner if something happened to him before he got out.
10:27 5 THE COURT: Mr. Yarbrough, can you tell me in your own
6 words what it is you did to commit the crime that you are
7 pleading guilty to this morning?
8 THE DEFENDANT: I just mailed a letter threatening a
9 judge.
10:27 10 THE COURT: Judge Hittner?
11 THE DEFENDANT: Yes, ma'am.
12 THE COURT: George Yarbrough, how do you plead to
13 Count One of the indictment? Guilty or not guilty?
14 THE DEFENDANT: Guilty.
10:27 15 THE COURT: It is the finding of the case in United
16 States versus George Yarbrough that the defendant is fully
17 competent and capable of entering an informed plea; that the
18 defendant is aware of the nature of the charges and the
19 consequences of the plea; and that the plea of guilty is a
10:28 20 knowing and voluntary plea supported by an independent basis in
21 fact, containing each of the essential elements of the offense.
22 The defendant is now adjudged guilty of that offense.
23 Mr. Yarbrough, as I told you, a presentence
24 report will be prepared to assist me in sentencing. You will
10:28 25 be asked to give information for that report, and Mr. Austin,

Mayra Malone, CSR, RMR, CRR

10:28   1  your attorney, may be with you when you are interviewed by the
        2  probation officer.
        3              By December 8, 2017, the initial presentence
        4  report will be disclosed to counsel. By December 22, 2017,
10:28   5  counsel shall file either objections in writing to the facts of
        6  the offense and application of the sentencing guidelines or a
        7  statement that there is no objection. By January 5th, 2018,
        8  the probation officer shall submit to the judge the final
        9  presentence report with an addendum addressing any contested
10:29  10  issues. Sentencing is set for January 19, 2018, at 10:00 a.m.
       11              Is there anything else?
       12              MS. BASILE: Nothing from the government.
       13              THE COURT: You may be excused.
       14              MR. AUSTIN: Thank you, Your Honor.
       15       *(Court adjourned at 10:29 a.m.)*
       16                              * * * *
       17     I certify that the foregoing is a correct transcript from
       18  the record of proceedings in the above-entitled cause.
       19
       20  Date: April 18, 2018
       21
       22                        */s/ Mayra Malone*
                                 ----------------------------------------
                                 Mayra Malone, CSR, RMR, CRR
       23                        Official Court Reporter
       24
       25

                         Mayra Malone, CSR, RMR, CRR